UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARVIZ LAVI,

                Plaintiff,

     -against-

DWS,

                Defendant.

22-CV-7501 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Parviz Lavi, a resident of Suffolk County, New York, is proceeding *pro se* and *in forma pauperis* (IFP). He asserts claims of financial misconduct against Defendant DWS, an entity based in Kansas City, Missouri. For the following reasons, this action is transferred to the United States District Court for the Western District of Missouri.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

In an amended complaint, Plaintiff asserts that Defendant DWS committed misconduct in connection with a financial account he held with them. (ECF 10 at 1.) Plaintiff alleges that he

resides in Suffolk County, New York,[1] and that DWS is located in Missouri; an attachment to the complaint shows an address for DWS in Kansas City, Missouri.[2] (*Id.* at 13.) The allegations in the complaint further suggest that the alleged events giving rise to Plaintiff's claims occurred in Kansas City, Missouri, in Jackson County, which falls within the Western District of Missouri. *See* 28 U.S.C. §105(b)(1) There are no allegations in the complaint indicating that venue is proper here under Section 1391(b)(1) or Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

---

[1] Suffolk County, New York falls within the Eastern District of New York, and not in this District. 28 U.S.C. § 112(b).

[2] Attached to the complaint are copies of emails and letters from DWS employees. (*Id.* at 3-9.) Those individuals are not named as Defendants, the correspondence does not show their addresses, and Plaintiff does not indicate where they reside.

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Kansas City, Missouri, where Defendant resides, and it is reasonable to expect that all relevant documents and witnesses also would be located there. Plaintiff does not reside in this District, and he does not allege that any underlying events occurred here. The Western District of Missouri appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Missouri. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Missouri. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2024
          New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge