UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIERRE LAVI,

                Plaintiff,

    -against-

DWS,

                Defendant.

22-CV-7501 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, a resident of Suffolk County, New York, is proceeding in this matter *pro se* and *in forma pauperis.* Plaintiff filed an amended complaint in this action asserting claims of financial misconduct, solely against Defendant DWS, an entity based in Kansas City, Missouri.[1] (ECF 10.) By order dated May 31, 2024, the Court directed that the matter be transferred under 28 U.S.C. § 1404 to the Western District of Missouri. (ECF 12.) On the same day, May 31, 2024, this case was electronically transferred to the Western District of Missouri. On June 12, 2024, the Western District of Missouri acknowledged receipt of the case. Plaintiff's case in that court was assigned docket number 2:24-CV-00394.

    On June 18, 2024, and June 20, 2024, Plaintiff submitted letters that the Court is construing as challenging the May 31, 2024 transfer order. (ECF 14, 15.)

## DISCUSSION

    The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over

---

[1] In the original complaint, Plaintiff also named Deutsch Bank, for which he provided an address in New York, New York. (ECF 1.)

the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Western District of Missouri on May 31, 2024, and the Clerk of Court electronically transferred the case to that court on the same day. On June 12, 2024, the Western District of Missouri acknowledged receipt of the case. Plaintiff filed his first motion for reconsideration on June 18, 2024. Because this court no longer has jurisdiction of the action, if Plaintiff wishes to challenge the transfer, he must do so in the Western District of Missouri. The Court must therefore deny Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 28, 2024
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge